**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| BRUCE THOMAS, | Civil No. 10-5162 (RBK) |
| Petitioner, |  |
| v. | **OPINION** |
| PAUL SCHULTZ, WARDEN, |  |
| Respondent. |  |

**APPEARANCES**:

    BRUCE THOMAS, Petitioner pro se
    # 28265-037
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320

    IRENE E. DOWDY, AUSA
    OFFICE OF THE U.S. ATTORNEY
    401 Market Street, 4th Floor, P.O. Box 2098
    Camden, New Jersey  08101
    Counsel for Respondent

**KUGLER**, **District Judge**

On October 7, 2010,[1] Petitioner, Bruce Thomas, a federal prisoner confined at F.C.I. Fairton in Fairton, New Jersey, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C.

---

[1] This case was administratively terminated on April 28, 2011 because Petitioner had not submitted a complete application to proceed in forma pauperis, nor did he pay the $5.00 filing fee. (Docket entry no. 2). On May 11, 2011, Petitioner paid the $5.00 filing fee, without a request to re-open his case. On October 13, 2011, Petitioner filed a motion for reconsideration and to re-open this action. This matter was re-opened by Order entered on June 7, 2012, and the Court directed the Government to answer the petition. (Docket entry no. 5).

§ 2241, challenging his sentence computation by the Bureau of Prison's ("BOP"), seeking a total of 371 days of presentence custody credit towards his federal sentence. The named respondent is Warden Paul Schultz at F.C.I. Fairton (hereinafter, the "Government").

On July 12, 2012, the Government submitted a response to the petition with the relevant record. (Docket entry no. 8). Petitioner filed a reply or traverse thereto, on or about July 31, 2012. (Docket entry no. 10) On August 6, 2012, the Government submitted a response to Petitioner's traverse. (Docket entry no. 12). Thereafter, Petitioner submitted a further reply in support of his habeas petition. (Docket entry no. 14). This Court has reviewed the written submissions of the parties, and for the reasons stated below, the Court will deny the petition.

I.   BACKGROUND

On September 18, 1992, Petitioner was sentenced in the United States District Court for the District of Maryland to 280 months imprisonment with a three-year term of supervised release on his federal conviction for Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). The Judgment and Conviction Order expressly made "the following recommendations to the Bureau of Prisons: That defendant receive credit for time served awaiting sentencing in this case." (Declaration of Alan

Ray at Attachment 4). Petitioner's projected release date from federal custody is October 5, 2013, assuming he receives all good conduct time ("GCT") available to him under 18 U.S.C. § 3624(b). (See Respondent's Declaration of Darrin Howard at Exhibit 1, Ray Decl. at Att. 4, and Declaration of Counsel at Ex. 3).

The Federal Bureau of Prisons ("BOP") Designation and Sentence Computation Center ("DSCC") has computed Petitioner's sentence as commencing on September 18, 1992, the date his sentence was imposed. (Ray Decl., ¶ 7, Att. 5). When the BOP initially computed Petitioner's federal sentence, the BOP mistakenly awarded Petitioner a total of 371 days of presentence custody credit, counting the period from September 13, 1991 (the date Petitioner was arraigned in the United States District Court for the District of Maryland) through September 17, 1992 (the date before Petitioner's federal sentence was imposed). (Petition at pp. 2-3).

On May 19, 1994, the BOP staff at USP Lewisburg contacted various agencies in Prince George's County, Maryland, regarding Petitioner's presentence custody. The BOP staff learned that the time period from April 18, 1991 through September 16, 1991 had been credited to a sentence imposed on Petitioner in Prince George's County. The BOP also was informed that after Petitioner's arrest by Maryland state authorities on April 12, 1991, Petitioner had been in custody at the Prince George's

3

County Detention Center from April 13, 1991 through September 17, 1992. On September 16, 1992, Petitioner was sentenced in a Maryland state court on a charge of housebreaking to a term of 517 days already served from April 18, 1991 through September 16, 1992 (the date Petitioner was sentenced in state court). The following day, on September 17, 1992, Petitioner was released to the U.S. Marshal's Service. He was then sentenced in federal court the following day, on September 18, 1992. (Ray Decl., ¶¶ 3-6 and Attachments 1, 3-4).

Consequently, as a result of this information, the BOP revised Petitioner's presentence custody credits. The BOP awarded Petitioner presentence custody credit against his federal sentence for the period from April 12, 1991 (the date of his arrest) through April 17, 1991, because that time had not been applied to Petitioner's Maryland state sentence. In addition, the BOP awarded presentence custody credit for September 17, 1992, the day after his state sentence was completed and before his federal sentence was imposed, because that day had not been credited to any other sentence. (Ray Decl., ¶¶ 8-10; Att. 1, 5 and Ex. 1, pg. 3).

There is no dispute that Petitioner exhausted his administrative remedies pursuant to the BOP Administrative Remedy Program, 28 C.F.R. § 542.10 et seq., with respect to this issue of presentence custody credits for the time period from September

4

13, 1991 through September 17, 1992.  Specifically, Petitioner attaches to his habeas petition the BOP responses to his Request for Administrative Remedy No. 569310, as follows: January 4, 2010 Response from Warden Paul M. Schultz; February 24, 2010 Response from the Regional Director; and the June 22, 2010 Response from the National Inmate Appeals.  All of these responses denied Petitioner's request to have his federal sentence be re-computed to include presentence custody credits for the time he spent in state custody from September 13, 1991 to September 17, 1992.

## II.   CLAIMS PRESENTED

Petitioner seeks credit for the time period from September 13, 1991 through September 17, 1992, for a total of 371 days presentence custody credit.  In his reply/traverse, it appears that Petitioner argues that the sentencing judge intended that Petitioner receive this credit as his federal sentence was to run concurrent with the state sentence already served.  (Docket entry no. 10).

## III.   ANALYSIS

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v.

Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989). Because Petitioner is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

A.   Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date). See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing). Accordingly, this Court has subject matter jurisdiction under § 2241 to consider this matter since Petitioner does not challenge the imposition of the sentence, but

6

instead challenges the calculation of his sentence on federal grounds, and because he was confined in New Jersey at the time he filed his petition. See Blood v. Bledsoe, 648 F.3d 203 (3d Cir. 2011), cert. denied, __ U.S. __, 132 S.Ct. 1068, 181 L.Ed.2d 782 (21012); Vega v. United States, 493 F.3d 310, 313 (3d Cir. 2007)(challenge to BOP's failure to give credit for time served prior to federal sentencing is cognizable under § 2241).

B.  Computation of Federal Sentence

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence ("prior custody credit").

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

There are three ways that an inmate can accrue federal jail credit: (1) credit for time spent in custody while actually serving a federal sentence; (2) credit for prior custody under 18 U.S.C. § 3585(b); and (3) credit for time spent in non-federal pre-sentence custody during which the inmate is denied bail because of a federal detainer, commonly referred to as "Willis" credit.  See Willis v. United States, 438 F.2d 923 (5th Cir. 1971).

Section 3585(b) allows an inmate to use time served in custody prior to the imposition of a sentence towards the completion of that sentence when the custody was "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." This last clause provides that time spent in custody cannot be credited toward a federal sentence if it was used to satisfy a non-federal sentence.  The Supreme Court has made clear that inmates are not allowed to "double count" credit.  See United States v. Wilson, 503 U.S. 329 (1992).  See also Blood v. Bledsoe, 648 F.3d at 209.

While § 3585(b) governs calculation of a sentence by the BOP, § 3584 gives the federal sentencing court the power to impose a sentence that runs concurrent to a state sentence. Section 3584 provides:

>(a) Imposition of concurrent or consecutive term. - If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.  Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively.  Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
>
>(b) Factors to be considered in imposing concurrent or consecutive terms. - The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).
>
>(c) Treatment of multiple sentence as an aggregate. - Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

18 U.S.C. § 3584; see also Ruggiano v. Reish, 307 F.3d 121, 132 (3d Cir. 2002)(sentencing court has authority under 18 U.S.C. § 3584 and United States Sentencing Guidelines § 5G1.3(c) to order a federal sentence to be fully and retroactively concurrent to a state sentence the defendant was already serving).

   1.   *Commencement of Petitioner's Federal Sentence*

   Title 18 of the United States Code, section 3585(a) states:

>A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

   Here, this Court finds that Petitioner's federal sentence commenced on the date it was imposed, September 18, 1992.

2.  *Presentence Custody Credit*

Petitioner's basic argument seeks prior custody credit from September 13, 1991 through September 17, 1992, for a total of 371 days, on a purported claim that the sentencing court intended to make his federal sentence concurrent with his state court sentence.  See Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002)(discussing a federal sentence made "retroactively concurrent" with a state sentence).  See also Oregon v. Ice, 55 U.S. 160, 168-69 (2010)(judges have traditionally had broad discretion in selecting whether the sentence they impose will run consecutively or concurrently with respect to other sentences that they impose, or that have been imposed in other proceedings, even state proceedings).

In contrast, the Government contends that an award of prior custody credit as requested by Petitioner is prohibited because it would constitute double credit contrary to the provisions of 18 U.S.C. § 3585(b).  See this Opinion at pp. 7-8, supra.  Prior custody credit may only be granted in this case for the time Petitioner spent in federal detention or other custody for which he did not receive credit towards another sentence.  The Government points out that Petitioner's presentence custody time at issue, between September 13, 1991 through September 16, 1992, had been applied and credited toward's Petitioner's Maryland state sentence.  The total presentence custody credit applied to Petitioner's state sentence was from April 18, 1991 through

10

September 16, 1992. Consequently, the Government contends that Petitioner is not entitled to credit his federal sentence with time already credited against his state sentence. See Wilson, 503 U.S. at 337; Blood v. Bledsoe, 648 F.3d at 209. The BOP did award Petitioner presentence custody credit from April 12, 1992 through April 17, 1991, because this time was not credited towards Petitioner's state sentence or any other sentence, and for September 17, 1992, (the date Petitioner was still in custody after completion of his state sentence and before his federal sentence was imposed on September 18, 1992), for a total of seven days presentence custody credit.

Because Petitioner appears to be arguing that the sentencing court imposed a retroactively concurrent sentence similar to that discussed in Ruggiano, i.e., that the sentencing judge intended for his federal sentence to run concurrent to his state sentence that had been fully served at the time his federal sentence was imposed, this Court looks to Ruggiano for instruction on this issue. In Ruggiano, the United States Court of Appeals for the Third Circuit held that in imposing a sentence, a district court may grant an adjustment for time served on a preexisting sentence pursuant to U.S.S.G. § 5G1.3(c).[2] Under Ruggiano, a sentencing

---

[2] A federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited to cases in which the federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment. 18 U.S.C. § 3584(a). Under U.S.S.G. § 5G1.3(c), the court may impose a sentence "to run concurrently, partially concurrently, or consecutively to the prior

11

court may exercise this option to grant an adjustment under § 5G1.3(c) by making the federal sentence concurrent with the state sentence for the full period of the preexisting sentence (retroactively concurrent) or only concurrent for the remainder of the preexisting sentence from the date when the federal sentence was imposed.  In other words, U.S.S.G. § 5G1.3(c)3 allows a federal court to award a concurrent sentence in a manner that would require the BOP to give credit for the time petitioner spent in federal detention even though that time already was credited toward service of his non-federal sentence.

    Of relevance in Ruggiano, the sentencing judge stated "that he thought it appropriate to go ahead and recommend that [Ruggiano's sentence] be served concurrently and that he receive credit for the amount of time that he served there."  Id., 307 F.3d at 124. "Then, in his written judgment, [the sentencing judge] recited that Ruggiano's sentence was to 'run concurrent with State sentence.  Defendant to receive credit for time served.'"  Id.  The Third Circuit found that this language conveyed an intent of the sentencing judge to grant an adjustment

---

undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."  U.S.S.G. § 5G1.3(c). Further, under U.S.S.G. §5G1.3(b), a concurrent sentence is mandatory and shall be imposed to run concurrently to an undischarged sentence when "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense."  U.S.S.G. § 5G1.3(b).

by making the federal sentence retroactively concurrent for the entire period of the state sentence pursuant to § 5G1.3(c).

The Third Circuit explained that the sentencing court's authority under § 5G1.3(c) to "adjust" a sentence is distinct from the BOP's authority under 18 U.S.C. § 3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same.  See Ruggiano, 307 F.3d at 131–33.  Specifically, the "adjustment" that the sentencing court exclusively can award under § 5G1.3(c) is a sentence reduction designed to account for time spent in custody on a prior conviction.  But a 2003 amendment to the 5G1.3 Application Notes provided that subsection (c) does not authorize an adjustment for time served on a prior undischarged term of imprisonment, and that a sentencing court may consider a downward departure in extraordinary cases.[3]  See

---

[3]  In Ruggiano, the United States Court of Appeals for the Third Circuit held that in imposing a sentence, a federal district court may grant an "adjustment" for time served on a pre-existing sentence pursuant to U.S.S.G. § 5G1.3(c).  Notably, the application note 3(E) to § 5G1.3 (U.S. Sentencing Guidelines Manual § 5G1.3 cmt. N. 3(E)(2003)) appears to be in conflict with the holding in Ruggiano.  The note provides that, "subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on an undischarged term of imprisonment."  Although credit may be given in extraordinary circumstances for time served on a pre-existing sentence, the credit is properly deemed a downward departure and not an adjustment.  Notwithstanding this note, Ruggiano remains the controlling precedent.  While the Third Circuit has addressed the effect of note 3(E) on the Ruggiano holding, and has found that the note abrogated Ruggiano, it has not done so in a "precedential" opinion.  See United States v. Destio, 153 Fed. Appx. 888, 893-94 (3d Cir. 2005).

U.S.S.G. Manual § 5G1.3 app. Note 3(E); Escribano v. Shultz, 330 Fed. Appx. 21, 23 fn. 6 (3d Cir. May 21, 2009).

To determine what type of "adjustment" the sentencing court intended to apply, "the appropriate starting point is to ascertain the meaning that we should ascribe to the sentencing court's directives." Rios v. Wiley, 201 F.3d 257, 264 (3d Cir. 2000). When the oral pronouncement of sentence and written sentence are in conflict, the oral sentence prevails. See United States v. Chasmer, 952 F.2d 50, 52 (3d Cir. 1991). However, when there is no conflict, "but rather only ambiguity in either or both [sentence pronouncements], we have recognized that the controlling oral sentence 'often [consists of] spontaneous remarks' that are 'addressed primarily to the case at hand and are unlikely to be a perfect or complete statement of the surrounding law.'" Ruggiano, 307 F.3d at 133 (quoting Rios, 201 F.3d at 268). Importantly, "in interpreting the oral statement, we have recognized that the context in which this statement is made is essential." Id. at 134.

Hence, for the purposes of addressing Petitioner's challenges, this Court would have to first examine the oral statements made by the Honorable Alexander Harvey, II, U.S.D.J., during Petitioner's sentencing and, if the Court detects: (a) no conflict between Judge Harvey's oral statements and the judgment of conviction rendered by him; but (b) an ambiguity in either one of these pronouncements, then this Court would have to examine

14

the context of Judge Harvey's oral statements to determine what prompted the Judge's oral comments and what was the Judge's intent when he sentenced Petitioner.  Consequently, although the written text employed by Judge in the judgment of conviction is important, it is not decisive.

In the present case, the Judgment and Commitment Order issued by the federal sentencing court shows that the court imposed a term of 280 months of imprisonment and that Petitioner was to "receive credit for time served awaiting sentencing in this case."  (Ray Decl., Att. 4 at pg. 2).  There is no language either express or implied that the sentencing court intended Petitioner's sentence to run concurrent with sentence imposed in Petitioner's Maryland state case.  In fact, this language differs significantly from that employed by the sentencing court in Ruggiano.  Consequently, it is strongly indicative that Judge Harvey did not intend to have Petitioner's federal sentence run concurrent with Petitioner's expired state sentence.  There is simply no indication that time spent in state custody serving a state sentence prior to imposition of his federal sentence should be credited.

Because the imposition of a concurrent sentence normally means that the sentence being imposed is to run concurrently with the *undischarged* portion of the earlier-imposed sentence, it is unlikely that a sentencing court would deviate from the norm and impose a retroactively concurrent sentence without any

15

discussion.  See 18 U.S.C. § 3584; Ruggiano, 307 F.3d at 133. (3d Cir. 2002).  For this reason, the Court will examine the sentencing transcript and the discussion that took place concerning the imposition of the federal sentence.

A review of the sentencing transcript shows that Judge Harvey spent little time discussing the extent to which any credit may be awarded Petitioner before his federal sentence was imposed.  There was no express language that shows Judge Harvey intended to have Petitioner's federal sentence run concurrent with his fully discharged state sentence.  The sentencing transcript reads, as follows:

> You are 29 years of age and you have an extensive history of prior conflict with the law.  Previous convictions and sentences of confinement have done little to deter you from further criminal activity.  Federal law therefore requires that a very lengthy sentence be imposed by me.  The government has recommended a sentence in the middle of the guideline range, which has now been determined to be 235 to 293 months.  From my review of the record, I have concluded that because of the repetitive criminal activity engaged in by you, a sentence near the upper end of the guideline range is appropriate.  In spite of numerous prior convictions, in spite of your propensity toward criminal activity, you possessed a fully loaded handgun, loaded with hollow point bullets, and it is necessary that the general public be protected from persons like you for a lengthy period of time.  If there was ever a recidivist, you are that person.
>
> The sentence is as follows: I sentence you to the custody of the Attorney General for confinement in such place as he deems proper for a period of 280 months together with a period of supervised release of three years.  No fine will be imposed because you lack the financial resources to pay a fine.  As required by law I impose a special assessment of $50.
>
> As a special condition of supervised release, I shall require that you receive vocational counseling and training as directed by your probation officer.  *You will receive*

> *credit for any time spent in federal custody awaiting sentencing in this case.*

(September 18, 1991 Sentencing Transcript, P41:L5-42:6, Resp. Ex. 3 at Docket entry no. 8-12)(emphasis added).

There is simply no indication in the sentencing transcript that would support Petitioner's argument for the presentence credit he seeks.

In his reply/traverse, Petitioner seems to suggest that the sentencing court could have applied a downward departure to adjust for time served on his discharged state sentence. (Petitioner's Reply at pg. 7, Docket entry no. 10). But nowhere in the sentencing transcript does the sentencing court employ language to suggest that a downward departure was considered in Petitioner's favor. Moreover, the Government correctly counters that any such argument now by Petitioner amounts to a challenge to the imposition of the sentence as imposed by the sentencing court and thus, must be raised only by a proper motion before the sentencing court under 28 U.S.C. § 2255, and not by habeas petition under § 2241. See Solomon v. Holt, 2010 WL 480857, **4, 7 (M.D.Pa. Feb. 4, 2010). (Respondent's August 6, 2012 Letter at Docket entry no. 12).

Finally, Petitioner's reference to the recent Supreme Court decision in Setser v. U.S., 132 S.Ct. 1463 (March 28, 2012) also is unavailing. There, the Court considered whether the district court, in sentencing a defendant for a federal offense, has authority to order that the federal sentence be consecutive to an

17

anticipated state sentence that has not yet been imposed. The Court ruled that a district court has the discretion to impose a federal sentence to run consecutively to an anticipated state sentence that has not yet been imposed, and that in the Setser case, the district court's decision to require defendant to serve his federal sentence consecutive to one anticipated state sentence and concurrent with another anticipated state sentence was not rendered unreasonable when the state court later ordered its two sentences to run concurrently. 132 S.Ct at 1468-69.

The factual scenario between Setser and Petitioner's case is easily distinguished because there was no anticipated state sentence at issue in the instant matter. Thus, the dilemma discussed in Setser regarding a concern that the BOP would necessarily engage in computing a federal sentence in such cases which would give the BOP sentencing authority it does not have by law is not present in Petitioner case here, where his state sentence was already discharged and was not an anticipated sentence at the time his federal sentence was imposed.

In sum, it is clear that the sentencing court did not intend to award Petitioner any additional credit that was not permissible under federal statute, and that it was the responsibility of the BOP to make the determination as to what amount of prior custody credit Petitioner may have been entitled to receive. No where in the sentencing proceeding does the sentencing court expressly or impliedly grant Petitioner credit

for the 371 days at issue.  There is simply no expression of intent by Judge Harvey at the sentencing hearing to suggest that he intended to impose a retroactively concurrent sentence as to Petitioner's fully discharged state sentence, or that the court intended to downward depart to adjust Petitioner's sentence for the time served on his discharged state sentence.

Thus, for the reasons as discussed above, it is plain that the federal sentence imposed and the presentence custody credited against the federal sentence, as determined by the BOP, is entirely consistent with the BOP's authorized discretion under 18 U.S.C. § 3585(b).

Finally, to the extent that Petitioner may be arguing that he is entitled to credit pursuant to § 5G1.3(b), such a claim presumes an error by the sentencing court that must be brought before the sentencing court via a motion under 28 U.S.C. § 2255. This Court lacks jurisdiction to grant Petitioner his requested credit under § 5G1.3(b).  Accordingly, the writ of habeas corpus will be denied with prejudice.

## CONCLUSION

Based on the foregoing, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby denied.  An appropriate Order accompanies this Opinion.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: October 19, 2012